IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSTY E. JOYNER                                                                                    PLAINTIFF

      v.                                         CIVIL NO. 4:16-cv-04108

TINA MAXWELL, Treatment Supervisor,
Southwest Arkansas Community
Correction Center (SWACCC); STEVE
ARNOLD, Center Supervisor, SWACCC;
GREG WICKS, Treatment Coordinator,
SWACCC: and LIEUTENANT JOHN SNEED,
SWACCC                                                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

      This is a civil rights action filed by Rusty E. Joyner pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendants' Motion to Dismiss.  ECF No. 17.  Plaintiff has not responded.  After careful consideration, the Court makes the following Report and Recommendation.

### BACKGROUND

      Plaintiff is currently an inmate in the Southwest Arkansas Community Correction Center ("SWACCC") of the Arkansas Community Corrections (ACC").  On April 29, 2014, Plaintiff pled guilty to Possession of Drug Paraphernalia, a Class D Felony, and was sentenced to five (5) years supervised probation.  ECF No. 18-1.  On February 29, 2016, the Plaintiff pled guilty to violating the terms of his probation.  ECF No. 18-2.  For violating his probation, Plaintiff was sentenced to complete one (1) year in the ACC's therapeutic rehabilitation treatment program and thirty-six

1

(36) months of probation. ECF No. 18-3. On March 16, 2016, Plaintiff entered the ACC's treatment program at the SWACCC.

Plaintiff filed his Complaint on November 9, 2016. ECF No. 1. On November 10, 2016, this Court ordered Plaintiff to file an Addendum to his Complaint specifying how he believed each Defendant violated his constitutional rights. ECF No. 6. Plaintiff filed his Addendum on November 21, 2016. ECF No. 7. Plaintiff alleges he "received extreme treatment with deliberate indifference and prejudices. 6 ACC staff members sent recommendations to Hot Spring County Circuit Court and even testified against me seeking the revocation of my probation." CF No. 1. Plaintiff claims Defendants all "presented Letters of Recommendation to Hot Spring County courts which contained medical information that now is public record." ECF Nos. 1, 7. Plaintiff also alleges Defendant Maxwell "testified against me at trial Oct. 24, 2016 State of Arkansas vs. Rusty Joyner Case # 30CR-2014-113-2…..I also believe my trial has been prejudiced." ECF No. 7.

In addition, Plaintiff states "It appears that Mr. Wicks, (along with the other defendants) main objective …is to make light of my medical issues, discredit my prior lawsuit against A.C.C. and have my probation revoked as retaliation". ECF No. 7. Plaintiff also alleges after filing grievances, Defendants did not approve him "for Act 682 Early Release Priviledge, which I believe is also retaliation." ECF No. 7.

On December 20, 2016, the prosecutor in Plaintiff's criminal case agreed to withdraw the probation revocation. In exchange, Plaintiff agreed to strict compliance with the rules and regulations of the SWACCC going forward. ECF Nos. 18-5, 18-6.[1]

---

[1] In deciding Rule 12(b) motions, courts are not strictly limited to the four corners of complaints. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.,* 643 F.3d 1115, 1120 (8th Cir. 2011). "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts can also consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public records, orders, items appearing in the records of the case, and exhibits attached to the

2

Defendants filed their Motion to Dismiss on January 24, 2017.  ECF No. 17.   They argue Plaintiff has failed to state any claim that entitles him to relief because: 1) Defendants are entitled to absolute immunity; 2) Plaintiff's claims fail under the favorable-termination rule established by the United States Supreme Court in *Heck v. Humphrey,* 512 U.S. 477 (1994); and 3) Plaintiff's retaliation claim fails on the merits.  ECF No. 18.  They also argue Plaintiff's claims relating to the probation revocation should be barred because he "effectively consented to the actions of the Defendants" by agreeing to restart his sentence for violating his probation.  ECF No. 18.

## APPLICABLE LAW

Federal Rule of Civil Procedure 8(a) requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  )  While *pro se* complaints are liberally construed, they must allege sufficient facts to support the claims.  S*ee Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). The Court, however, need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,*

---

complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment."  *Miller v. Redwood Toxicology Lab., Inc.,* 688 F.3 928, 931, n.3 (8th Cir. 2012).

183 F.3d 799, 805 (8th Cir.1999), or legal conclusions that the plaintiff draws from the facts pled. *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990).

## DISCUSSION

A. <u>Plaintiff has failed to state a claim relating to the revocation of his probation</u>.

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983. According to Plaintiff, his civil rights were violated when: 1) Defendants sent letters recommending his probation be revoked; 2) some of the Defendants testified against him in the course of his probation revocation: and 3) his criminal trial held on October 24, 2016 was prejudiced by the actions of some of the Defendants. ECF Nos. 1, 7.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). It is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 Fed. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions…" *Id* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Without a protectable liberty interest there is no due process claim. *Id.* At 886.

Even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claims would likely result in the invalidity of his probation revocation and possibly his conviction. Plaintiff is barred from bringing such claims until his conviction and probation is

4

invalidated by the highest state court or in a federal habeas proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).[2]

B. Plaintiff has failed to state a claim of retaliation against Defendants.

Plaintiff alleges Defendants retaliated against him after he filed numerous grievances. . He claims after filing grievances "as a result I have received very negative attitudes and I'm still targeted by staff of discipline (SOD) office. I also have not been approved for Act 682 Early, Release Priviledge, which I believe is also retaliation". ECF No. 7, pg. 8.

In general, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990)). The retaliatory conduct itself need not be a constitutional violation in order to be actionable. Additionally, there is no independent injury requirement when retaliatory conduct is involved. *See Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994).

To prevail on his retaliation claim, Plaintiff must demonstrate: (1) he engaged in protected activity; (2) Defendants responded with adverse action that would "'chill a person of ordinary firmness' from continuing in the activity;" and (3) the adverse action was motivated at least in part

---

[2]The Court notes Plaintiff's claims relating to his probation revocation may now be moot in light of the December 20, 2016, agreement in which the prosecutor agreed to withdraw the revocation petition in exchange for Plaintiff agreeing to restart his sentence from February 29, 2016, requiring him to complete one year of therapeutic rehabilitation treatment at SWACCC in strict compliance with the rules and regulations of the ACC. ECF Nos. 18-5, 18-6.

by exercise of the protected action. *See L.L. Nelson Enterprise Inc. v. County of St. Louis, Mo.,* 673 F.3d 799, 807-8 (8th Cir. 2012) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

A retaliation claim fails if the alleged disciplinary violations were issued for the actual violation of prison rules. *See Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir. 1990). The courts have found that "some evidence" of a rules violation is sufficient to defeat a retaliation claim, even if the inmate disputes the violation. *Hartfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008). Moreover, the Eighth Circuit has stated that an inmate does not have a liberty interest in avoiding disciplinary confinement because it is not atypical to normal prison life. *Moorman v. Thalacker,* 83 F.3d 970, 972 (8th Cir. 1996).

In his Addendum to his Complaint, Plaintiff admits he received ten (10) Cardinal Rule Violations. ECF No. 7, pg. 25. He further states that upon review by the disciplinary board, he was found guilty of six (6) of the violations and not guilty of four (4) of the violations. ECF No. 7, pg. 26. Of the six rule violations that Plaintiff was found guilty of violating, Plaintiff admits to being guilty of at least two of them. ECF No. 7, pg. 26. The record clearly demonstrates the actions of Defendant were in response to Plaintiff's rule violations – not in response to the filing of grievances.

Finally, with respect to Plaintiff's claim he was not approved for early release privileges under Act 682 in retaliation for filing grievances, the facts demonstrate Plaintiff has not met the statutory criteria for early release under Act 682 because he has not completed the therapeutic rehabilitation program. *See* Ark. Code. Ann. Section 12-27-127. Consequently, Plaintiff has not presented facts sufficient to support a claim of retaliation and his claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion to Dismiss (ECF No. 17) be **GRANTED** and Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 16th day of February 2017**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
